# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

May 24, 2016

*Before*

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3216

DAVID CONRAD,
    *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,
    *Respondent-Appellee.*

Appeal from the United States
District Court for the Northern
District of Illinois, Eastern Division.

No. 14 C 4343

Amy J. St. Eve, *Judge*.

O R D E R

The opinion of this court issued on March 4, 2016, is amended by replacing one paragraph with a new paragraph.

The original paragraph on pages 4 and 5 was:

"It's true that a change in the guidelines range does not alter the range of permissible sentences, because the judge doesn't have to sentence within the applicable guidelines range; yet the average length of sentences for the crime in question is, as noted in *Peugh*, likely to rise as a result of an increase in that range. To call an increase in sentence length, however effectuated, "procedural" seems a misuse of the word. But although the increase in the guidelines range of which the defendant complains both seems substantive and postdated his crime, we don't think he's entitled to be resentenced."

The replacement paragraph is:

"It's true that a change in the guidelines range does not alter the range of permissible sentences, because the judge doesn't have to sentence within the applicable guidelines range; yet the average length of sentences for the crime in question is, as noted in *Peugh*, likely to rise as a result of an increase in that range. To call an increase in sentence length, however effectuated, "procedural" might seem a misuse of the word. But the Supreme Court has reserved the label "substantive" (meaning therefore retroactive) for rules that change the sentence that a judge can lawfully impose. See *Schriro v. Summerlin, supra*, 542 U.S. at 352. A change in the guidelines affects the sentence that a judge is *likely* to impose but does not alter the range of sentences that he *can* lawfully impose. So although the increase in the guidelines range of which the defendant complains in this case not only postdated his crime but also could have had a significant effect on his sentence, he is not entitled to be resentenced."